**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cr-00045-GMN-EJY-1 |
| vs. ) | |
| ) | **ORDER** |
| JESUS CASTELO-MEZA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Jesus Castelo-Meza's ("Defendant's") Motion for Sentence Reduction under 18 U.S.C. 3582(c)(2), (ECF No. 95). The Government filed a Response, (ECF No. 96), and Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction.

**I.   BACKGROUND**

On March 16, 2020, Defendant pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. (*See* Mins. Proceedings, ECF No. 60). On July 14, 2020, Defendant was sentenced to 48 months' custody to be followed by one year of supervised release. (*See* Mins. Proceedings, ECF No. 93); (J., ECF No. 94). Defendant now petitions the Court for a sentence reduction under Amendment 782 to 18 U.S.C. 3582(c)(2). (*See generally* Mot. Sentence Reduction, ECF No. 95).

**II.   LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

Congress provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the " 'modif[ication of] a term of imprisonment' by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission") (alteration in original). This authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828..

### III.  DISCUSSION

Defendant seeks a two-level reduction to his sentencing range based on the Sentencing Commission's Amendment 782 to § 3582(c)(2). (Mot. Sentence Reduction at 1).[1] To support this contention, Defendant explains that Amendment 782, which was adopted in 2014, "effected an across-the-board, two-level reduction of base offense levels for drugs" based on the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). (*Id.*).  In *Hughes*, the Supreme Court found that a defendant convicted of conspiracy to distribute methamphetamine and sentenced under a binding plea agreement could have his sentence reduced under 18 U.S.C. § 3582(c)(2) if the Sentencing Commission *retroactively* lowered the Sentencing Guidelines. 138 S. Ct. 1765, 1775–78 (2018).  Ultimately, the defendant in *Hughes* was eligible for a sentence reduction because he was sentenced before the Sentencing Commission adopted Amendment 782. *See id.* at 1774.

In the present case however, Amendment 782 was already in effect at the time of Defendant's sentencing, and the Sentencing Commission has not released any other

---

[1] Defendant's base offense level was originally 34.  However, after reductions for acceptance of responsibility and safety valve, Defendant's total offense level was 29. (*See* Resp. 2:14–17, ECF No. 96) (PSR ¶¶ 33–42).

retroactively applicable amendments to the Sentencing Guidelines.  In fact, the Government argues that Defendant's request for a reduced sentence is invalid because there has been no adjustment to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); (Resp. 3:9–13, ECF No. 96).  The Court agrees.  Because the Sentencing Commission has not released guidance lowering the sentencing range applicable to Conspiracy to Distribute a Controlled Substance since Defendant's sentencing, the Court finds Defendant ineligible for any reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 95), is **DENIED**.

**DATED** this __21__ day of April, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court